931 So.2d 991 (2006)
Jose RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-4839.
District Court of Appeal of Florida, Fourth District.
May 31, 2006.
Rehearing Denied July 11, 2006.
Carey Haughwout, Public Defender, Emily Ross-Booker and Paul E. Petillo, Assistant Public Defenders, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
HAZOURI, J.
Jose Rodriguez appeals his conviction and sentence for depriving a law enforcement officer of means of protection or communication. Rodriguez raises three points on appeal, and we affirm on all points raised, but write to address Rodriguez's assertion that the trial court erred in denying his motion for judgment of acquittal.
The conviction and sentence of Rodriguez arose out of a domestic disturbance between Rodriguez and his father. Broward Sheriff's Deputy Patrick Keegan responded to a call at Rodriguez's home for a domestic disturbance. According to Deputy Keegan, upon his arrival, Rodriguez's father was calm while Rodriguez was yelling and screaming. Deputy Keegan felt it was necessary for safety reasons to separate Rodriguez from his father and handcuff Rodriguez. While he was attempting to handcuff Rodriguez, Rodriguez grabbed the handcuffs from Deputy Keegan. In order for Deputy Keegan to gain control over Rodriguez it was necessary for him to use pepper spray and to strike Rodriguez with his baton, at which point Deputy Keegan was able to grab the handcuffs out of *992 Rodriguez's hand, handcuff him, and take him into custody.
Section 843.025, Florida Statutes (2004), entitled "Depriving officer of means of protection or communication" states:
It is unlawful for any person to deprive a law enforcement officer as defined in s. 943.10(1), a correctional officer as defined in s. 943.10(2), or a correctional probation officer as defined in s. 943.10(3) of her or his weapon or radio or to otherwise deprive the officer of the means to defend herself or himself or summon assistance. Any person who violates this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Rodriguez argues that handcuffs are not a means of defending oneself as required by the statute and his conviction cannot stand because his conduct does not constitute the charged offense. We disagree.
There are no cases specifically addressing the definition of a weapon or means of defending oneself as applied to section 843.025. Rodriguez argues that this court should apply the rule of ejusdem generis which is a canon of construction suggesting that when a general word or phrase follows a list of specifics, the general word or phrase should be interpreted as including those things similar to the specific things listed. The state disagrees, asserting the principle should not be used where the word "weapon" is included only to show the extent to which a weapon is a means to defend oneself.
We agree with the state and decline to apply the rule of ejusdem generis to limit the "means" to defend oneself to only "weapons." It is clear from the title of section 843.025 that it is a third degree felony to deprive an officer of a means of protection or communication. In the instant case, Deputy Keegan was attempting to gain control of Rodriguez, who not only posed a danger to Rodriguez's father, but also to Deputy Keegan. Keegan's first choice to protect and defend himself was to resort to the use of handcuffs. Rodriguez's refusal to submit to the arrest and grabbing the handcuffs from Deputy Keegan resulted in Deputy Keegan's use of pepper spray and then his baton to subdue Rodriguez. Clearly the handcuffs were an instrument used by Deputy Keegan to protect and defend himself. We therefore affirm the conviction and sentence.
Affirmed.
WARNER and GROSS, JJ., concur.